IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable Marcia S. Krieger

Civil Action No. 05-cv-02377-MSK-MJW

ROBERT F. SYLVESTER,

    Applicant,

v.

JOE ORTIZ, Executive Director of the Colorado Department of Corrections,
JOHN (CRAIG) TURNBULL, Superintendent of Spring Creek Correctional Facility,
    Division of Institutions, Alaska Department of Corrections, and
JOHN W. SUTHERS, Attorney General of the State of Colorado,

    Respondents.

---

**ORDER ADOPTING RECOMMENDATION, DENYING APPLICATION AND
DIRECTING THE CLERK OF COURT TO CLOSE THIS CASE**

---

THIS MATTER comes before the Court on a Recommendation **(#24)** by the Magistrate Judge that the Petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#2)** be denied. The Petitioner filed no timely objections to the Recommendation. Having considered the same, the Court

    **FINDS** and **CONCLUDES** that:

### I. Jurisdiction

The Court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 2254 and 1331.

### II. Background

In Denver District Court Action 99-CR-4296, the Petitioner, Robert F. Sylvester, was convicted in 2000 by a jury on one count of racketeering, six counts of second degree sexual assault and four counts of extortion. He was also convicted by a judge on three habitual criminal

counts.

Mr. Sylvester challenges the constitutionality of his conviction on the basis that his trial counsel was ineffective. In specific, he alleges that his trial counsel:

1. Failed to conduct an adequate pre-trial investigation, to interview certain witnesses before trial, and to call certain witnesses to testify at trial.

2. Failed to ask for a continuance of trial to allow her to complete her pre-trial investigation.

3. Asked poor or inadequate questions during *voir dire*, failed to challenge particular jurors for cause, and failed to excuse particular jurors with peremptory challenges.

4. Failed to offer contextual evidence for other evidence admitted at trial that he was previously incarcerated, allowing the jury to speculate as to what the prior convictions were.

5. Failed to make proper objections to inadmissible, prejudicial expert opinion testimony by Veronica Carmody.

6. Failed to adequately cross-examine expert Margaret Heil.

7. Failed to consult with, or obtain assistance from, experts, including an expert who could have provided testimony that would have contradicted Ms. Heil's testimony.

8. Failed to adequately advise Mr. Sylvester of his right to testify.

9. Failed to subject the habitual criminal counts to any adversarial testing, *i.e.,* failed to cross-examine witnesses or present any evidence.

Mr. Sylvester also claims that the trial court failed to ensure that his waiver of his right to testify was knowing and intelligent, and provided him an inadequate advisement under *People v. Curtis*, 681 P.2d 504 (Colo. 1984).

The Magistrate Judge did not state whether he liberally construed these claims in accordance with *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). However, this Court has done

so and finds that the Magistrate Judge correctly identified the first nine of the asserted claims. Overlooked was Mr. Sylvester's claim that the trial court failed to ensure a knowing and intelligent waiver of his right to testify, perhaps because Mr. Sylvester labeled it as an ineffective assistance of counsel claim. As to this tenth claim, which is closely tied to the eighth claim, it is addressed here in the first instance.

After considering the pleadings filed in this case, along with the state court record, the Magistrate Judge recommended that the first nine claims be denied. He determined that Claims 2, 4, 6 and 7 are procedurally defaulted because they were not presented to the Colorado Supreme Court in any appeal. He also determined that Claims 1, 3, 5, 8 and 9 should be denied on the merits. Mr. Sylvester has not objected to this Recommendation.

### III  Standard of Review

Pursuant to Fed. R. Civ. P. 72 and 28 U.S.C. § 636(b)(1), a party may object to any portion of a Magistrate Judge's recommendation by filing specific objections within 10 days of the party's receipt of the recommendation. When timely objections are filed, the district court must review *de novo* the specific conclusions of the Magistrate Judge to which objections have been directed. 28 U.S.C. § 636(b)(1)(C); *Northington v. Marin*, 102 F.3d 1564, 1570 (10th Cir. 1996). However, when no objections are filed, a district court may apply whatever standard of review it deems appropriate. *Summers v. State of Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991).

Here, Mr. Sylvester has not objected to the Recommendation. Thus, the Recommendation is reviewed for clear error. In such review, a court considers the applicable law and determines whether the magistrate judge correctly applied it. The fact that a court might have decided the issues differently does not establish clear error. *See N.L.R.B. v. Viola*

*Industries-Elevator Div., Inc.,* 979 F.2d 1384, 1387 (10th Cir. 1992). Rather, there is "clear error" if, upon review of the record, a court "is left with the definite and firm conviction" that the Magistrate Judge made a mistake. *See Allen v. Sybase, Inc.,* 468 F.3d 642, 658 (10th Cir. 2006).

### IV. Analysis

**A. Exhaustion of Remedies**

Under 28 U.S.C. § 2254(b):

> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> (B) (i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

The Magistrate Judge determined that Claims 2, 4, 6 and 7 are unexhausted and procedurally defaulted. In doing so, he considered what arguments Mr. Sylvester made in his motion for post-conviction relief and during appeal from its denial. Comparing these, he determined that these four claims were asserted in the post-conviction motion, but not in any appeal from denial of the motion. He also concluded that the claims could not be presented to the Colorado courts at this juncture, causing them to be procedurally defaulted. Further, he determined that Mr. Sylvester did not demonstrate excusable cause for the procedural default or resulting prejudice, nor that a fundamental miscarriage of justice would occur if the claims were not considered on their merits. This was the proper analysis, and the determination that Claims 2, 4, 6 and 7 are procedurally defaulted is not clearly erroneous.

4

**B. Merits**

Under 28 U.S.C. § 2254(d):

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

Applying this statute and caselaw interpreting it, the Magistrate Judge concluded that Claims 1, 3, 5, 8 and 9 should be denied on the merits. In doing so, he considered the trial court's findings of fact and conclusions of law on these claims, presumed the correctness of the state courts' factual findings as required by 28 U.S.C. § 2254(e), then evaluated them in light of the applicable Supreme Court caselaw for ineffective assistance of counsel claims, *i.e.*, *Strickland v. Washington*, 466 U.S. 448 (1984). He determined that the state court's rulings were neither contrary to, nor constituted an unreasonable application of, *Strickland*. Because the Magistrate Judge identified the correct substantive law and applied it to the claims, the Recommendation is not clearly erroneous.

This leaves Mr. Sylvester's tenth claim, that the state court failed to ensure a knowing and intelligent waiver of his right to testify, as required by the Colorado Supreme Court's decision in *Curtis, supra*. Under *Curtis*, a criminal defendant's right to testify is a fundamental trial right

5

which can only be relinquished by a knowing, voluntary and intelligent waiver. 681 P.2d at 512. A trial court is obligated to ensure a valid waiver, and in Colorado must do so through an advisement to the defendant. *Id.* at 515. A trial court should advise a defendant, outside the presence of the jury, that he has a right to testify, that no one can prevent him from doing so, that if he testifies the prosecution may cross-examine him, that if he has been convicted of a felony the prosecutor may ask him about it, and that if the felony conviction is disclosed to the jury, the jury can be instructed to consider it only as it bears upon his credibility. *Id.* at 514. A trial court should also advise a defendant that that he also has a right not to testify and that the jury can be instructed about that right. *Id.*

In addressing Mr. Sylvester's eighth claim – that trial counsel was ineffective for failing to adequately advise Mr. Sylvester of his right to testify – the Recommendation indirectly touches upon the tenth claim. It quotes from the trial court's opinion that Mr. Sylvester received an adequate *Curtis* advisement, and quotes from the appellate court's opinion that a *Curtis* advisement was given and that Mr. Sylvester voluntarily, knowingly, and intentionally waived his right to testify.

The Colorado courts' findings that a *Curtis* advisement was given, and that there was a voluntary, knowing, and intelligent waiver of the right to testify, are presumed correct. 28 U.S.C. § 2254(e). Mr. Sylvester has not attempted, nor offered, to rebut this presumption. *See id.* A determination that there was a voluntary, knowing and intelligent waiver of a fundamental trial right is not contrary to, nor an unreasonable application of, federal law with regard to the waiver of fundamental trial rights in general. *See, e.g., Barker v. Wingo,* 407 U.S. 514, 529 (1972). Particularly with regard to the substance of the advisement provided to Mr. Sylvester,

6

neither is such determination based upon an unreasonable determination of the facts in light of the evidence presented at the Crim. P. 35(c) hearing.

**IT IS THEREFORE ORDERED** that the Recommendation **(#24)** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 **(#2)** be denied is **ADOPTED**. The Application for a Writ of Habeas Corpus under 28 U.S.C. § 2254 **(#2)** is **DENIED**, and the Clerk of Court is directed to close this case.

Dated this 10th day of October, 2008

**BY THE COURT:**

_____

Marcia S. Krieger
United States District Judge